IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 99-188-GMS |
| | ) |
| PERRY PHELPS, Warden, et. al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

**I.  INTRODUCTION**

Biggins was convicted in 1997, and sentenced on January 15, 1997. On March 25, 1999, Biggins filed his first federal habeas application challenging his 1997 conviction, which the court denied on April 10, 2002 as procedurally barred and for failing to warrant habeas relief under § 2254(d). *See Biggins v. Carroll*, Civ. A. No. 99-188-GMS, Mem. Order (D. Del. Sept. 23, 2002). Since then, Biggins has filed six additional habeas applications challenging the same 1997 conviction; all six applications have been denied as second or successive. *See Biggins v. Carroll*, Civ. A. No. 03-273-GMS, Mem. Order (D. Del. Apr. 9, 2003); *Biggins v. Phelps et. al.*, Civ. A. No. 09-741-GMS, Order (D. Del. Mar. 3, 2010); *Biggins v. Phelps*, Civ. A. No. 10-292-GMS, Order (D. Del. Apr. 20, 2010); *Biggins v. Phelps*, Civ. A. No. 10-724-GMS. Mem. Order (D. Del. Sept. 28, 2010); *Biggins v. Phelps*, Civ. A. No. 11-366-GMS, Order (D. Del. June 20, 2011); *Biggins v. Phelps*, Civ. A. No. 12-586-GMS, Mem. Order (D. Del. Mar. 4, 2013). He has also previously filed one motion for reconsideration pursuant to Rule 60(b) asking the court to reconsider its 2002 denial of his first habeas petition. (D.I. 54) The court denied that Rule 60(b) motion in February 2010 after determining it was really a second or successive habeas petition.

(D.I 58)

Presently pending before the court is Biggins' second Rule 60(b) motion for reconsideration of the court's 2002 denial of his habeas petition. (D.I. 60)

## II. STANDARD OF REVIEW

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion for reargument and/or reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of

Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

### III. DISCUSSION

Biggins' instant Rule 60(b) motion contends that the court erred in determining that his challenge to the prosecutor's closing statement was unsupported; that his ineffective assistance of counsel claims were meritless; and that his remaining claims, including his speedy trial claim, were procedurally barred. In essence, Biggins reasserts the arguments he set forth in his original habeas petition that were denied in 2002. Therefore, the court concludes that the instant motion constitutes a second or successive § 2254 petition, not a traditional Rule 60(b) motion.[1] *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2254.

The record reveals that Biggins did not obtain permission from the Third Circuit Court of Appeals to file the instant motion/petition. Accordingly, the court will dismiss Biggins' motion/petition as second or successive. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

### IV. CONCLUSION

For the aforementioned reasons, the court will deny the instant Rule 60(b) motion. In addition, the court will not issue a certificate of appealability, because Biggins has failed to make

---

[1]Moreover, Biggins raised the same speedy trial argument in an application to the Third Circuit Court of Appeals requesting permission to file a second or successive habeas petition, which the Third Circuit denied. *In re Biggins*, C.A. 09-2772, Order (3d Cir. Sept. 17, 2009).

3

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

July 30, 2013
DATE

CHIEF, UNITED STATES DISTRICT JUDGE