IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) |
| v. | ) Civ. A. No. 99-188-GMS |
| | ) |
| WARDEN, et. al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

Biggins was convicted in 1997 by a Delaware Superior Court jury of three counts of second degree unlawful intercourse, one count of third degree assault, and one count of second degree unlawful imprisonment. He was sentenced to thirty years of incarceration followed by probation. On March 25, 1999, Biggins filed his first federal habeas petition challenging his 1997 conviction, which the court denied on April 10, 2002 as procedurally barred and for failing to warrant habeas relief under § 2254(d). *See Biggins v. Carroll*, Civ. A. No. 99-188-GMS, Mem. Order (D. Del. Sept. 23, 2002). Since then, Biggins has filed six additional habeas petitions challenging the same 1997 conviction, all of which were denied as second or successive. *See Biggins v. Carroll*, Civ. A. No. 03-273-GMS, Mem. Order (D. Del. Apr. 9, 2003); *Biggins v. Phelps et. al.*, Civ. A. No. 09-741-GMS, Order (D. Del. Mar. 3, 2010); *Biggins v. Phelps*, Civ. A. No. 10-292-GMS, Order (D. Del. Apr. 20, 2010); *Biggins v. Phelps*, Civ. A. No. 10-724-GMS. Mem. Order (D. Del. Sept. 28, 2010); *Biggins v. Phelps*, Civ. A. No. 11-366-GMS, Order (D. Del. June 20, 2011); and *Biggins v. Phelps*, Civ. A. No. 12-586-GMS, Mem. Order (D. Del. Mar. 4, 2013). He has also previously filed two motions for

reconsideration pursuant to Rule 60(b) asking the court to reconsider its 2002 denial of his first habeas petition. (D.I. 54; D.I. 61) The court denied both of those Rule 60(b) motions after determining that they were really unauthorized second or successive habeas petitions. (D.I 58; D.I. 61; D.I. 62)

Presently pending before the court is Biggins' third Rule 60(b) motion for reconsideration of the court's 2002 denial of his habeas petition. (D.I. 86)

## II. STANDARD OF REVIEW

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion for reargument and/or reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

2

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent petition. *See* 28 U.S.C. 2244(b)(3(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

### III. DISCUSSION

Biggins' instant Rule 60(b) motion contends that he has newly discovered evidence supporting the argument he raised in his original 1999 habeas petition that the State's DNA test results involving blood and pubic hair samples were fabricated and that the State's expert witnesses provided false testimony regarding those test results. As such, this "newly discovered evidence argument" challenges Biggins' underlying conviction, not the manner in which his 2002 petition was denied. Because Biggins' instant allegation supports at least one argument he asserted in his original habeas petition that the court denied in 2002, the court concludes that the instant motion constitutes a second or successive § 2254 petition, not a traditional Rule 60(b) motion. *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2254.

The record reveals that Biggins did not obtain permission from the Third Circuit Court of Appeals to file the instant motion/petition. Therefore, the court lacks jurisdiction to consider the instant motion/petition, and the only remaining issue is whether the court should dismiss the instant motion/petition for lack of jurisdiction or transfer it to the Third Circuit.

The following information is relevant to this inquiry. During Biggins' trial, a FBI laboratory report introduced as evidence indicated that "a pubic hair found in [the victim's] sample was consistent with Biggins' pubic hair. Other results from the examination were

inconclusive." *Biggins*, 2002 WL 31094810, at *9. In support of the lab report, FBI testing examiner Mark Wilson testified, *inter alia*, that (1) "It appears as if, yes, there was a transfer of pubic hair from Mr. Biggins to Ms. Rios" and (2) "In most sexual assault-type cases, it is very rare to find a pubic hair from the suspect in the combings of the victim." (D.I. 86 at 41 (Lines 10-11), 45 (Lines 2-3)) In 2002, the court denied as meritless Biggins' habeas argument regarding defense counsel's failure to challenge the FBI report, explaining that

> [t]he court cannot perceived how this [FBI] laboratory report had any real effect on the outcome of Biggins' trial. Biggins testified at trial that he engaged in vaginal intercourse with Rios more than one time on the night in question. The FBI laboratory report supports Biggins' own testimony. Biggins has failed to explain what counsel would have discovered if he had expended more time and resources on developing a "DNA argument," or why the report had an effect on the outcome of the trial. Accordingly, Biggins' request for federal habeas relief as to this claim will be denied.

*Biggins v. Carroll*, 2002 WL 31094810, at *9 (D. Del. Sept. 13 2002).

Now, along with the instant motion/petition, Biggins has provided documents from the FBI's "Microscopic Hair Comparison Analysis Review Team" from April 2015 stating that the aforementioned microscopic hair analysis testimony offered by the examiner Wilson "exceeded the limits of science" because Wilson "stated or implied that the evidentiary hair could be associated with a specific individual to the exclusion of others." (D.I. 86 at 29)

Whether or not this "newly discovered evidence" satisfies § 2244(b)(2) is a question for the Court of Appeals for the Third Circuit, not this court. Under 28 U.S.C. § 2244, a court of appeals may authorize the filing of a second or successive § 2254 petition if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for

constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i), (ii). During his trial, Biggins admitted that he had sexual intercourse with the victim on the night in question, but he contended that the intercourse was consensual, not forced. Nothing in the "newly discovered evidence" sheds any light on the consensual or non-consensual nature of the sexual intercourse between Biggins and the victim. Thus, after viewing this "newly discovered evidence" in context with the whole record, the court concludes that the interests of justice would not be promoted by transferring this case to the Third Circuit.[1]

## IV. CONCLUSION

For the aforementioned reasons, the court concludes that the instant Rule 60(b) motion is really an unauthorized second or successive habeas petition for the purposes of 28 U.S.C. § 2244. Therefore, the court will summarily dismiss the motion/petition for lack of jurisdiction. A separate order will be entered.

Dated: Jan 29, 2016

UNITED STATES DISTRICT JUDGE

---

[1] Of course, Biggins may, of his own accord, apply to the Third Circuit for authorization to file a second or successive habeas petition.