IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 99-188 (MN) |
| | ) |
| DANA METZGER, Warden and | ) |
| ATTORNEY GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM**

Petitioner James Arthur Biggins ("Petitioner") was convicted in 1997 by a Delaware Superior Court jury of three counts of second degree unlawful intercourse, one count of third degree assault, and one count of second degree unlawful imprisonment. *See Biggins v. Carroll*, 2002 WL 31094810, at *1 (D. Del. Sept. 13, 2002). The Superior Court sentenced him to thirty years of incarceration followed by probation. *Id.* On March 25, 1999, Petitioner filed his first federal habeas petition ("Petition") challenging his 1997 conviction, which the Honorable Gregory M. Sleet denied on September 13, 2002 after determining that the claims raised therein were either procedurally barred or failed to warrant habeas relief under § 2254(d). *Id.* at *8-13. Since then, Petitioner has filed six additional habeas petitions challenging the same 1997 conviction, all of which were denied as second or successive. *See Biggins v. Carroll*, C.A. No. 03-273-GMS, Mem. Order (D. Del. Apr. 9, 2003); *Biggins v. Phelps et. al.*, C.A. No. 09-741-GMS, Order (D. Del. Mar. 3, 2010); *Biggins v. Phelps*, C.A. No. 10-292-GMS, Order (D. Del. Apr. 20, 2010); *Biggins v. Phelps*, C.A. No. 10-724-GMS. Mem. Order (D. Del. Sept. 28, 2010); *Biggins v. Phelps*, C.A. No. 11-366-GMS, Order (D. Del. June 20, 2011); and *Biggins v. Phelps*, C.A. No. 12-586-

GMS, Mem. Order (D. Del. Mar. 4, 2013). Petitioner has also previously filed three motions for reconsideration pursuant to Rule 60(b) asking the Court to reconsider its 2002 denial of his first habeas petition. (D.I. 54, 61, 86). All three Rule 60(b) motions were dismissed for lack of jurisdiction because they constituted unauthorized second or successive habeas petitions. (D.I 58, 61, 62, 87, 88). Petitioner filed a notice of appeal from the denial of his third Rule 60(b) motion, which the Court of Appeals for the Third Circuit denied on June 15, 2016. (D.I. 94).

Presently pending before the Court is Petitioner's Rule 59(e) Motion to Alter or Amend Judgment with respect to the 2002 denial of his habeas Petition. (D.I. 97).

## I. STANDARD OF REVIEW

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reargument/ reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, Rule 59(e) is "a device [] used to allege legal error,"[1] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited, and may not be used as an opportunity to relitigate the case. *See Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011); *see also Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or

---

[1] *Fiorelli*, 337 F.3d at 288.

2

fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). When a timely Rule 59(e) motion is premised on "newly discovered evidence," the new evidence must be evidence that a party could not submit to the court earlier because it was unavailable, and evidence not newly discovered in such a manner "cannot provide the basis for a successful motion for reconsideration." *Blystone*, 664 F.3d at 415-16.

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances,[2] but may be granted only in extraordinary circumstances. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

A Rule 60(b)(2) motion seeking relief on the basis of "newly discovered evidence" must be filed no more than a year after the entry of the judgment, order, or date of proceeding. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b)(6) motion seeking relief for "any other reason" must be filed within a "reasonable time,"[3] which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). As a general rule, a Rule 60(b)(6) motion filed more than one year after

---

[2]     *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

[3]     Fed. R. Civ. P. 60(c)(1); *see Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959).

3

final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See generally Ackerman v. United States*, 340 U.S. 193, 202 (1950).

If a district court is presented with a Rule 60(b) motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent petition. *See* 28 U.S.C. § 2244(b)(3(A); *Robinson v. Johnson,* 313 F.3d 128, 139-40 (3d Cir. 2002). A district court presented with an unauthorized second or successive habeas petition must either "dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson*, 313 F.3d at 139.

Notably, Third Circuit precedent requires a district court to view a timely Rule 59(e) motion as lying "outside the reach of the jurisdictional limitations that AEDPA imposes upon multiple collateral attacks." *Blystone*, 664 F.3d at 414. In other words, timely Rule 59(e) motions to amend or alter judgment are materially different from Rule 60(b) motions for reconsideration, such that a timely Rule 59(e) motion does not constitute a second or successive habeas petition even if it advances a habeas claim. *Id.* at 413.

## II. DISCUSSION

In the instant Rule 59(e) Motion, Petitioner asserts he has newly discovered evidence that the blood evidence used to convict him was contaminated due to the vials being broken during transit. He contends that the denial of his habeas Petition should be amended or altered because the State violated *Brady* and "chain of custody" rules by failing to inform about the contamination prior to trial.

4

Petitioner's original habeas Petition was denied in 2002, and he filed the instant Rule 59(e) Motion in March 2018. Since Petitioner filed his Rule 59(e) Motion almost 16 full years after the denial of his habeas Petition, the instant Motion is untimely.[4]

## III. CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 59(e) Motion as untimely. To the extent it may be necessary, the Court will decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

December 19, 2018

The Honorable Maryellen Noreika
United States District Judge

---

[4] Since the instant Motion was also filed outside the one-year time period permitted for motions filed under Rule 60(b), the Motion cannot be construed to be a Rule 60(b) motion. *See c.f. Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002) (where a "motion is filed outside of the [time period] provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion.") As such, the Court need not determine if the instant Motion constitutes a second or successive habeas petition.